UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-60085-CIV-COHN/STRAUSS

JENNIFER PALEY,

      Plaintiff,

vs.

THE LAW OFFICES OF MITCHELL D.
BLUHM & ASSOCIATES, LLC,

      Defendant.
_____/

## ORDER REQUIRING MEDIATION

Pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16.2, it is hereby **ORDERED AND ADJUDGED** as follows**:**

1. All parties are required to participate in mediation. The mediation conference shall be completed by the deadline set in the Court's scheduling order.

2. Plaintiff's counsel, or another attorney agreed upon by all counsel of record and any unrepresented parties, shall be responsible for scheduling the mediation conference. The parties are encouraged to avail themselves of the service of any mediator on the List of Certified Mediators, maintained in the office of the Clerk of the Court, but may select any other mediator. **The parties shall agree upon a mediator within fourteen days after any Defendant appears in the case and shall file a Notice of Selection of Mediator within that period of time.** If there is no agreement, lead counsel shall promptly notify the Clerk in writing, and the Clerk shall designate a mediator from the List of Certified Mediators, which designation shall be made on a blind rotation basis.

3. A place, date, and time for mediation convenient to the mediator, counsel of record, and unrepresented parties shall be established.

4. Pursuant to Local Rule 16.2(e), **the personal appearance of counsel and each party or a representative of each party with full authority to enter into a full and complete compromise and settlement is mandatory.** If insurance is involved, an adjuster with authority up to the policy limits or the most recent demand, whichever is lower, shall attend the mediation.

5. All proceedings of the mediation shall be confidential and privileged.

6. At least fourteen days prior to the mediation date, each party shall present to the mediator a confidential brief written summary of the case identifying issues to be resolved.

7. **The Court may impose sanctions against parties and/or counsel who do not comply with the attendance or settlement authority requirements herein or who otherwise violate the terms of this Order.** The mediator shall report non-attendance and may recommend imposition of sanctions by the Court for non-attendance.

8. The mediator shall be compensated in accordance with the standing order of the Court entered pursuant to Local Rule 16.2(b)(7), or on such basis as may be agreed to in writing by the parties and the mediator selected by the parties. The cost of mediation shall be shared equally by the parties unless otherwise ordered by the Court. All payments shall be remitted to the mediator within forty-five days of the date of the bill. Notice to the mediator of cancellation or settlement prior to the scheduled

mediation conference must be given at least three full business days in advance. Failure to do so will result in imposition of a fee for two hours.

9. If a full or partial settlement is reached in this case, counsel shall promptly notify the Court of the settlement in accordance with Local Rule 16.2(f), by filing a Notice of Settlement signed by counsel of record no later than fourteen days after the mediation conference. Thereafter, the parties shall forthwith submit an appropriate pleading concluding the case.

10. Within seven days following the mediation conference, the mediator shall file a Mediation Report indicating whether all required parties were present. The report shall also indicate whether the case settled (in full or in part), whether the mediation was adjourned, or whether the mediator declared an impasse.

11. **If mediation is not conducted, the case may be stricken from the trial calendar, and other sanctions may be imposed.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 15th day of January, 2021.

JAMES I. COHN
United States District Judge

Copies provided to:
Magistrate Judge Jared Strauss
counsel of record via CM/ECF